## Lakes, et al. v. Terrell.

(Decided May 25, 1923.)

### Appeal from Madison Circuit Court.

1. Appeal and Error—Erroneous Instruction on Damages, Not Sustained by Evidence, Held Harmless.—Where plaintiff's claim consisted of several items, some of which were clearly supported by the evidence and were practically admitted, error in submitting an item of damages which was unsupported by the evidence was not prejudicial to defendant, if the verdict was for less than the total of the other items.
2. Appeal and Error—Judgment Not Reversed for Errors Not Affecting Substantial Rights.—The Court of Appeals is not warranted in reversing a judgment for errors, which do not affect the substantial rights of the adverse party.

BURNAM & GREENLEAF, G. MURRAY SMITH and A. R. BURNAM, JR., for appellants.

JOHN NOLAND for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellee Terrell bought a flock of sheep and lambs from Lakes and Parsley in the spring of 1920. After he had taken charge of the sheep he discovered that they were infected with a disease known as scabies. Before he made this discovery Terrell bought other sheep and turned them in the same pasture with the sheep he had bought of Lakes and Parsley. He sold some of the sheep, but before he could close the transaction they were condemned by a veterinarian as diseased sheep, and he had to sell them for a less price. Quite a number of the sheep died. One died the day after he received them and others died from day to day. He had to erect a trough for dipping and bought dip to treat the infected sheep. This cost him quite a sum which he sets forth in his petition.

After sustaining these damages he brought this action against Lakes and Parsley to recover $1,314.50 for sheep lost, and the damage resulting to him from the infection which spread from the Lakes and Parsley sheep to the balance of the flock, and for the difference between the value of the sheep as represented by Lakes and Parsley and their actual value infected with scabies. The jury returned a verdict for Terrell in the sum of $500.00.

Lakes and Parsley appeal, asserting that instruction No. 2 on the measure of damages is erroneous in that it allowed the plaintiff to recover for loss upon a shipment of sheep from Cincinnati, whereas appellants insist no competent evidence was introduced on the part of appellee to sustain such a claim. Instruction No. 2 clearly states the law of the case, if there were evidence to support the different items therein set forth. The first item is $314.00 for sheep which died of scabies after appellee Terrell bought them from appellants, and it is practically admitted by appellants that he was entitled to recover this amount on this item. The court then instructed the jury to find for plaintiff Terrell the depreciation, if any, in the fair market value of such sheep as were sold by Terrell and which depreciation came by reason of the scabies with which they were infected at the time Terrell acquired them, not to exceed $550.00. There is abundant evidence to show that some of the sheep at least depreciated greatly in value on account of scabies, and this item was properly submitted to the jury. There is likewise evidence that the sheep bought by appellee Terrell from other persons than appellants became infected with scabies, and were therefore depreciated in value. We do not think there was sufficient evidence to warrant a recovery by appellee Terrell for the loss which he claims he sustained by reason of the condemnation of the shipment of sheep from Cincinnati, but there were several other items in the evidence sufficiently proven to sustain the verdict. Instruction No. 2 was substantially correct.

We are not warranted in reversing a judgment for error in proceedings which do not affect the substantial rights of the adverse party. The error of which appellants complain did not substantially prejudice their rights. The judgment must, therefore, be affirmed.

Judgment affirmed.